**WOODS, Housing Expediter, Office of Housing Expediter v. DARBY.**

**Civ. No. 348.**

United States District Court
N. D. Florida, Pensacola Division.

July 8, 1949.

Don E. Johnson, Litigation Attorney, Office of Housing Expediter, Atlanta, Georgia, for plaintiff.

A. A. Fisher, Pensacola, Fla., for defendant.

DE VANE, District Judge.

This is an action by the Housing Expediter, brought on the equity side of this court, to compel defendant to make restitution of $57.50 alleged overcharges collected from Lila Schlabach a tenant of defendant from March 27, 1948 to September 1, 1948. Plaintiff further asks for an injunction restraining defendant, his agents, servants, employees, etc., from directly or indirectly violating the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and regulations issued thereunder.

The case arises out of a controversy as to whether defendant filed a registration with the Area Rent Director prior to September 24, 1948. When the Housing and Rent Act first became effective back in 1942, 50 U.S.C.A.Appendix, § 901 et seq., defendant owned a residence containing several rooms. In the Summer of that year his daughter entered the University of Wisconsin and defendant and his wife decided to fix up their home into three apartments, which they did, and defendant testified that at the time his residence was turned into apartments that all three apartments were registered with the Area Rent Director. At the time of the registration of these apartments defendant and his wife occupied the rear apartment, but when their daughter returned from the University of Wisconsin in June of the following year, 1943, they moved into one of the larger apartments and rented the rear apartment. Defendant testified that the rear apartment continued to be rented until after the marriage of his daughter at which time they allowed her and her husband to occupy said apartment. The daughter and her husband occupied the apartment until some time in 1947 when the husband was transferred from Pensacola to some other point of duty.

The apartment was for a short time rented to some other person and in March, 1948 was rented to Lila Schlabach.

In September, 1948 some question arose as to the rent charged on this apartment and the Area Rent Director was unable to find any registration in the files in that office for the apartment and defendant was unable to produce a copy of any registration. Therefore, assuming no registration had ever been made, the Area Rent Director requested and defendant filed a new registration, setting forth the rent charged theretofore and at that time, for same. Acting upon this new registration the Area Rent Director immediately entered an Order reducing the rent charged from $60.00 per month to $48.50 per month, retroactively effective from July 1, 1947. The complaint seeks to recover for only five months of this retroactive period while the premises were occupied by Lila Schlabach.

The case presents two questions as follows:

1. Whether the apartment in question was, in fact, registered in 1942, and

2. Whether the retroactive provision of the Housing Expediter's Order is binding upon this court even if it be conceded that the apartment was properly registered in 1942.

Upon the first question the defendant testified that he registered all three apartments in his dwelling at the same time; that he did this at the outset of Rent Control; that he was never furnished with a copy of his registration upon any of his apartments and

that no question was ever raised with reference to the rent charged upon any of the apartments until the retroactive Order was made, upon which suit was brought.

Defendant obeyed the retroactive order in so far as future rents, but declined to make any refund.

Plaintiff contends that the apartment involved in this case could not have been registered at the time the other apartments were alleged to have been, because said apartment was occupied by defendant. Plaintiff contends further that no registration of this apartment appears in the files of the District Area Rent Office and that this is unimpeachable proof that no registration was actually made of this apartment.

Defendant called a former employee of the Area Rent Office, who helped set up that office at the beginning, who testified to the confusion and lack of knowledge and absence of precedence in the handling of such matters at the outset. This witness testified that the office neglected to send to registrants and to tenants copies of registrations filed and in some instances the registrations, themselves, were lost.

The court called an employee of the Area Rent Office in charge of its files and had her testify as to her ability to find registrations covering either of the other two apartments and she testified as to her inability to find them in the files of the District Office.

After due consideration of all the evidence introduced in this case, touching the question of the registration of this apartment in 1942, the court finds that defendant has sustained the burden of proof upon this issue and that the second registration filed by defendant September 24, 1948, at the request of the Area Rent Director, was not the first registration of the apartment. It was filed as an accommodation to the Area Rent Office for its consideration.

The second question raises only a legal issue and the court holds that the retroactive provision of the Rent Director's Order was void and a nullity and that the Housing Expediter has no standing in the equity side of this court to enforce said retroactive provision of said Order.

Bowles, et al. v. Griffin, 5 Cir., 151 F.2d 458.

The complaint in this case also seeks to enjoin the defendant from violating the Housing and Rent Act of 1947 as amended and the regulations issued thereunder. The evidence shows no violation on the part of defendant of said Housing and Rent Act or of any Order or Regulation issued thereunder. Therefore, no showing is made by the Housing Expediter entitling him to an injunction.

A Judgment will be entered in conformity with this Memorandum Decision.